**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

September 16, 2021

LETTER TO COUNSEL

RE:   *Lisa B. v. Kijakazi*
      Civil No. SAG-20-1095

Dear Counsel:

On April 28, 2020, Plaintiff Lisa B. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits ("DIB") Supplemental Security Income ("SSI"). ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 11, 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claims for benefits on August 11, 2016, alleging in each a disability onset date of June 19, 2016. Tr. 190, 199. Her claims were denied initially and on reconsideration. Tr. 77-78, 99-100. A hearing was held on March 18, 2019, before an Administrative Law Judge ("ALJ"). Tr. 30-58. At the hearing, Plaintiff amended her alleged onset date to November 28, 2017. Tr. 35. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-29. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "cerebral vascular accident (CVA); hypertension; degenerative disc disease; [and] right knee osteoarthritis." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift up to 20 pounds occasionally; lift or carry up to 10 pounds. The claimant could not climb ladders, ropes, or scaffolds. The claimant could occasionally climb ramps or stairs, balance, stoop, crouch, kneel, [or] crawl.

*Lisa B. v. Kijakazi*
Civil No. SAG-20-1095
September 16, 2021
Page 2

Tr. 19. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a cashier checker, as generally performed. Tr. 23. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 23-24.

Plaintiff raises two primary arguments on appeal: (1) the ALJ erred in failing to perform a proper function-by-function assessment, and (2) the ALJ erred in discrediting the opinion of one of Plaintiff's treating physicians. ECF No. 11-1 at 9-18. These arguments lack merit for the following reasons.

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3 (July 2, 1996). In making the assessment, the ALJ determines "the capacity [an individual] possesses despite the limitations caused by impairments." *Britt v. Saul*, --- F. App'x ----, 2021 WL 2181704, at *5 (4th Cir. 2021) (citing 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). The Fourth Circuit "ha[s] rejected a per se rule requiring remand when the [ALJ] does not perform an explicit function-by-function analysis." *Id.* (citation omitted) (quotation marks omitted). Rather, "[m]eaningful review is frustrated—and remand necessary—only where '[the Court] [is] unable to fathom the [] rationale in relation to evidence in the record." *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)) (quotation marks omitted). Further, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). Indeed, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

Plaintiff argues remand is necessary because the ALJ failed to perform a function-by-function assessment of Plaintiff's standing or walking abilities. ECF No. 11-1 at 9-14. Plaintiff argues the ALJ erred in resolving a conflict between the opinions of the state agency consultant, consultative examiner, and Plaintiff's treating provider, FNPBC Dominguez. *Id.* at 10. Further, Plaintiff argues that the ALJ erred in failing to secure a consultative neurological examination of Plaintiff to determine the extent to which Plaintiff could walk or stand. *Id.* at 11.

I find any error with respect to the ALJ's failure to perform a function-by-function assessment harmless. Even if Plaintiff is correct that the ALJ's decision does not explicitly contain a function-by-function assessment, the Court is able to determine the ALJ's "rationale in relation to the record." *See Britt*, 2021 WL 2181704, at *5. The ALJ thoroughly discussed the medical and other evidence relating to Plaintiff's allegations of severe limitations in standing and walking. Tr. 18-24. The ALJ discussed Plaintiff's treating provider's opinion that Plaintiff could stand for two hours per day and walk for two hours per day. Tr. 21. The ALJ also discussed the state consultant's opinion that Plaintiff could stand and/or walk for six hours per day. Tr. 22. The ALJ referenced the opinion of the consultative examiner, who was an orthopedist, and opined that, "[f]rom an [o]rthopaedic aspect, [Plaintiff] [could] perform work[-]related activities such as

sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking[,] and traveling." Tr. 22. The ALJ also discussed the orthopedist's opinion that Plaintiff did not need a cane from an orthopedic aspect. Tr. 20. The ALJ went on to explain that he "gave little weight to all of these opinions individually" and crafted the RFC determination "that used the best-supported limitations from each of [the opinions.]" Tr. 22. The ALJ thus thoroughly evaluated the record evidence related to Plaintiff's ability to stand and walk, and the Court is able to determine the ALJ's rationale for his RFC determination. Further, the ALJ specifically cited to substantial evidence supporting his determination. Remand is therefore not required.

I also disagree with Plaintiff that remand is required because the ALJ did not acquire a neurological assessment of Plaintiff's functional capacity. First, the ALJ found that Plaintiff was not disabled because she retained the RFC to perform her past relevant work. Tr. 23. It is well established that Plaintiff bore the burden of proof with respect to her RFC at step four. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) ("The applicant bears the burden of production and proof during the first four steps of the inquiry.") (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam)). Second, the Court has generally held ALJs to higher standards with respect to the ALJs' duties to develop the record in cases in which the claimants appear pro se. *Crider v. Harris*, 624 F.2d 15, 16 (4th Cir. 1980) ("It should be emphasized that Crider appeared pro se and so was entitled to the sympathetic assistance of the ALJ to develop the record, to 'assume a more active role' and to adhere to a 'heightened' duty of care and responsibility.") (quoting *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980)). However, in this case, Plaintiff was represented at her hearing. Tr. 45. Plaintiff's representative told the ALJ that "the record [was] complete" at the time of the hearing. Tr. 34. Neither Plaintiff nor her representative asked for a neurological examination. In fact, Plaintiff's representative sent a pre-hearing brief to the ALJ in which the representative requested imaging of Plaintiff's knees, not a neurological examination. Tr. 295-96. Accordingly, I find the ALJ did not err in crediting Plaintiff's representative's statement that the record was complete.

Finally, I disagree with Plaintiff that the ALJ erred in weighing the opinion of FNPBC Dominguez. The ALJ gave this opinion "some weight." Tr. 22. The ALJ explained that he "[did] not find practice notes of hers that would support some of the robust limitations she supports, such as the ability of the claimant to walk 150 feet." Tr. 22. The ALJ also pointed out that "[h]er opinions lack[ed] an explanation for her proposed limitations." Tr. 22. As Plaintiff acknowledges, FNPBC Dominguez is not an "acceptable medical source." ECF 11-1 at 14; *see* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (explaining that a treating source must be an acceptable medical source); 20 C.F.R. §§ 404.1502(a)(7), 416.902(a)(7) (explaining that a nurse practitioner is not an acceptable medical source unless the claim was filed on or after March 27, 2017); Tr. 15 (showing that Plaintiff filed her claims on August 9, 2016). The ALJ was thus required to follow the procedures for evaluating any medical opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). In this case, the ALJ complied with the regulations and found FNPBC Dominguez did not adequately explain the extreme limitations she identified. Tr. 22. The ALJ's finding is supported by substantial evidence. For example, FNPBC Dominguez opined that Plaintiff could walk only 150 feet without rest or significant pain but elsewhere noted that Plaintiff could stand or walk for twenty minutes at a time. Tr. 359. FNPBC Dominguez further opined Plaintiff could stand or walk for two hours per day each. Tr. 359. FNPBC Dominguez provided no explanation for these

*Lisa B. v. Kijakazi*
Civil No. SAG-20-1095
September 16, 2021
Page 4

inconsistencies. Further, while Plaintiff argues that the provider's "examinations of [Plaintiff] were . . . not normal, and support limitations in standing or walking," ECF No. 15 at 3, the ALJ in this case did find Plaintiff was limited in her ability to stand or walk by determining Plaintiff's RFC was limited to light work, Tr. 19. The ALJ merely concluded the extreme limitations identified by FNPBC Dominguez were unexplained and unsupported.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ supported his conclusions with substantial evidence, and remand is unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 14, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge